UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE WILLIAM SNOW, | No. 2:17-cv-0928 JAM DB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| TIM PEREZ, WARDEN,[1] | |
| Respondent. | |

Petitioner, formerly a state prisoner[2] proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

////

---

[1] Counsel for respondent notes in the motion to dismiss that the current warden of Mule Creek State Prison where petitioner was housed is Patrick Covello. (See ECF No. 16 at 1 n.1). Accordingly, the court will direct the Clerk of Court to substitute Warden Tim Perez's name with that of Warden Patrick Covello's in the case caption on the docket. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (citation omitted) (stating proper respondent in federal habeas corpus petition is petitioner's immediate custodian).

[2] The record indicates that petitioner is no longer in state custody. (See ECF No. 15) (petitioner providing residential change of address). This fact does not, however, affect the court's jurisdiction over this matter. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968) ("[O]nce the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application."); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) (citing Carafas).

1

Respondent has filed a motion to dismiss this action. (ECF No. 16). Petitioner has not filed an opposition to the motion or responded in any way. For the reasons stated below, the undersigned shall recommend that the motion be granted.

## I. PROCEDURAL HISTORY

On January 29, 2013, after a jury trial, petitioner was convicted of continuous sexual abuse in violation of California Penal Code § 288.5. (ECF No. 18-1). On March 22, 2013, he was sentenced to serve twelve years in state prison and ordered to pay restitution and related fees. (See id.). Petitioner appealed his sentence and conviction to the California Court of Appeal.[3] On January 12, 2015, in a reasoned opinion, the state appellate court affirmed the judgment. (ECF No. 18-2).

On February 18, 2015, petitioner's petition for review was docketed in the California Supreme Court.[4] (ECF No. 18-3). On March 24, 2015, the state high court denied the petition. (ECF No. 18-4).

On February 20, 2016, pursuant to the mailbox rule (see Houston v. Lack, 487 U.S. 266, 270, 276 (1988)), petitioner filed a petition for writ of habeas corpus in El Dorado County Superior Court. (ECF No. 18-5 at 7, 43). On March 9, 2016, in a reasoned opinion, the superior court denied the petition. (ECF No. 18-6).

On May 16, 2016,[5] petitioner appealed the superior court's decision to the California Court of Appeal. (ECF No. 18-7 at 1). The state habeas petition was summarily denied on May 26, 2016. (ECF No. 18-8). On July 25, 2016, petitioner appealed the denial to the Supreme

////

---

[3] It is unclear why counsel for respondent did not lodge petitioner's direct appeal with the court.
[4] The court refers to the docket date because petitioner was represented by counsel, and there is no file stamp on the pleading. (See generally ECF No. 18-3 at 1); see Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (stating no benefit from mailbox rule if represented by counsel).
[5] The court notes that petitioner's signature on the document is dated February 2, 2016 (see ECF No. 18-7 at 7) and that neither a declaration nor a notarized statement regarding the mailing date accompanies the pleading as the rules require. See Rules Governing 2254 Cases, Rule 3(d). This signature date does not reconcile chronologically with his earlier-filed February 20, 2016, petition in the El Dorado County Superior Court (see ECF No. 18-5 at 7, 43), and petitioner has not filed a response to the motion to dismiss that would explain this discrepancy. Accordingly, the court uses the May 16, 2016, filing date in its analysis.

1  Court of California.  (ECF No. 18-9 at 7).  On October 12, 2016, the state high court summarily

2  denied the petition.  (ECF No. 18-10).

3  On March 8, 2017, petitioner filed the instant petition for writ of habeas corpus.[6]  (See

4  ECF No. 1 at 126).  Respondent filed the instant motion to dismiss on October 8, 2019.  (ECF No.

5  16).  Petitioner did not file a response to the motion.  The matter is fully briefed and ready for

6  review.

7  **II.    MOTION TO DISMISS**

8  Respondent argues that this action should be dismissed because it is untimely given the

9  one-year statute of limitations filing deadline in 28 U.S.C. § 2244(d)(1)(A).  (See ECF No. 16 at

10  3-7).  Specifically, respondent asserts that the state appeal process (direct review) was final on

11  June 22, 2015, at the latest, which made June 22, 2016, the last day for petitioner to be able to

12  timely file a habeas petition in federal court, absent any tolling.  (See id. at 3).  Respondent

13  further contends that petitioner waited 242 days between the end of the direct review period and

14  February 20, 2016,[7] the day he filed a state habeas petition, and that these days were not tolled

15  under 28 U.S.C. § 2244(d)(2).  (See id. at 5).

16  Respondent concedes that petitioner is entitled to nineteen days of statutory tolling

17  pursuant to 28 U.S.C. § 2244(d)(2) and Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) for the

18  days between February 20, 2016, the date petitioner filed the state habeas petition, and March 9,

19  2016, the date the state superior court denied it.  (See ECF No. 16 at 6).  This pushed plaintiff's

20  federal filing deadline back to July 11, 2016.  (See generally id. at 6).  However, after the March

21  9, 2016,[8] denial, respondent argues that the sixty-seven-day period petitioner waited to file a state

---

[6] Although the instant federal habeas petition was stamped "filed" on April 25, 2017 (see ECF No. 1 at 1), petitioner signed the petition on March 8, 2017 (see id. at 126).  A petition is presumed to have been turned over to prison authorities the same day it is signed, and the mailbox rule is applied.  See, e.g., Porter v. Ollison, 620 F.3d 952, 955 n.2 (9th Cir. 2010).

[7] Respondent also states that petitioner filed his first state habeas petition on February 2, 2016.  (Compare ECF No. 16 at 2, with ECF No. 16 at 6).  The court presumes that this is an error, as the lodged record indicates that based on the mailbox rule, its filed date is February 20, 2016.  (See ECF No. 18-5 at 7).

[8] The court believes respondent's reference to May 9, 2016, as the date the state superior court denied petitioner's first state petition (see ECF No. 16 at 6) is a typographical error.  The date should be March 9, 2016.  (See ECF No. 18-6 at 1).

3

1 appellate petition cannot be tolled because it is more than the thirty-to-sixty-day period most
2 states permit litigants to file appeals to the state supreme court and thus, was unreasonable under
3 Evans v. Chavis, 546 U.S. 189, 201 (2006) and Carey v. Saffold, 536 U.S. 214, 219 (2002).  (See
4 ECF No. 16 at 6).  Respondent further argues that as petitioner's delay was unreasonable, his
5 collateral appeal was no longer pending under 28 U.S.C. § 2244(d)(2).  Therefore petitioner is not
6 entitled to statutory tolling while his subsequently-filed state appellate and supreme court
7 petitions were pending.  (See ECF No. 16 at 6).

8 Given these facts, respondent argues, petitioner's last day to file a federal habeas petition
9 remained set to expire on July 11, 2016.  (See ECF No. 16 at 5-7).  Therefore, when petitioner
10 filed the instant petition on March 8, 2017, it was untimely, as it was nearly eight months after
11 Section 2244(d)'s one-year statute of limitations under had run.  (See id. at 7).

12 Finally, respondent argues that should the court disagree that the instant petition is
13 untimely, in the alternative, respondent argues that Claim Two and Claim Six of the petition are
14 unexhausted.  In addition, respondent contends that Claim Six is not cognizable on federal
15 review.  (See ECF No. 16 at 7-9).

16 **III.    STANDARD OF REVIEW**

17 Rule 4 of the Rules Governing Section 2254 Cases requires a district court to dismiss a
18 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
19 entitled to relief . . . ."  Rule 4, Rules Governing Section 2254 Cases; see generally White v.
20 Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (meritorious motions to dismiss permitted under
21 Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) ("Rule 4 explicitly allows a
22 district court to dismiss summarily the petition on the merits when no claim for relief is stated").
23 Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases
24 indicate that the court may dismiss a petition for writ of habeas corpus on its own motion under
25 Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been
26 filed.  See, e.g., Miles v. Schwarzenegger, No. CIV S-07-1360 LKK EFB P, 2008 WL 3244143,
27 at *1-2 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to
28 dismiss for failure to state a claim), rep. and reco. adopted, No. CIV S-07-1360 (E.D. Cal. Sept.

26, 2008). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## IV. APPLICABLE LAW

### A. Statute of Limitations: 28 U.S.C. § 2244(d)(1)-(2)

Federal habeas statute 28 U.S.C. § 2244(d) clearly establishes a one-year statute of limitations to file a habeas petition in federal court after a state judgment becomes final. It states in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A), (d)(2).

### B. Case Law: Statutory and Equitable Tolling

As stated above, Section 2244 is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and thus, qualifies for statutory tolling if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). "The period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled – because it is part of a single round of habeas relief – so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (citing Chavis, 546 U.S. at 191-93); see also Saffold, 536 U.S. at 216-17 (within California's state collateral review system, a properly filed petition is considered "pending" under Section 2244(d)(2) during its pendency in the reviewing court as well as during the interval between a lower state court's

decision and the filing of a petition in a higher court, provided the latter is filed within a "reasonable time"). The United States Supreme Court has opined that in California, a thirty-to-sixty-day period appears to constitute a reasonable amount of time to file a subsequent petition. See Chavis, 546 U.S. at 201.

A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418. Petitioner bears the burden of alleging facts that would give rise to tolling. See Pace, 544 U.S. at 418.

**V.     DISCUSSION**

Petitioner's failure to file a response to the instant motion to dismiss leads this court to presume that petitioner does not dispute respondent's timeliness argument based on statutory grounds and that there is no viable equitable tolling argument. This being the case, the undersigned finds that respondent's motion to dismiss the instant petition should be granted on the grounds that it is untimely.

**A.     Expiration of Statute of Limitations**

On March 24, 2015, the California Supreme Court summarily denied petitioner's petition for review. (ECF No. 18-4). Petitioner then had ninety days – or until June 22, 2015 – to file a petition for writ of certiorari with the United States Supreme Court. See Sup. Ct. R. 13. Because petitioner did not do so, the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") began to run on June 23, 2015, and it expired on June 22, 2016. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that AEDPA's one-year limitations period begins to run on date "when the period within which the prisoner can petition a writ of certiorari from the United States Supreme Court expires[.]"). Thus, petitioner was required to file the instant petition in this court by June 22, 2016.

Petitioner filed the instant petition on March 8, 2017. (See ECF No. 1 at 126). Absent sufficient tolling, the petition is untimely.

////

**B.   Statutory Tolling**

**1.   Superior Court and California Court of Appeal Petitions**

Petitioner's direct appeal was denied by the California Supreme Court on March 24, 2015, and was final ninety days later, on June 22, 2015.  Thereafter, petitioner began his collateral review when he filed a state habeas petition in El Dorado County Superior Court on February 20, 2016.  The "statute of limitations period is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Harris v. Carter, 515 F.3d 1051, 1053 n.3 (9th Cir. 2008).  Thus, plaintiff began his state collateral review 242 days into Section 2244(d)(1)(A)'s one-year limitations period.  The state superior court denied the habeas petition on March 9, 2016.

Under Section 2244(d)(2), however, petitioner is entitled to some statutory tolling.  The nineteen-day period from February 20, 2016, to March 9, 2016, during which the state petition was pending review in the El Dorado County Superior Court is tolled under the statute.  Accordingly, the limitations expiration date was pushed from June 22, 2016 to July 11, 2016.

Petitioner appealed the March 9, 2016, denial to the California Court of Appeal, filing the petition on May 16, 2016.  This was sixty-seven days later.  As previously stated, the period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled so long as the filing is timely under California law.  Banjo, 614 F.3d at 968.  Generally, a gap of thirty to sixty days between state petitions is considered a timely period that tolls the statute.  Chavis, 546 U.S. at 201 (using thirty to sixty days as general measurement for reasonableness based on other states' rules governing time to appeal to state supreme court); see, e.g., Valdez v. Montgomery, 918 F.3d 687, 692 (9th Cir. 2019) (applying rule and citing to Chavis).

The sixty-seven-day gap between the superior court denial and the appeal filed in the California Court of Appeal does not constitute a "reasonable time."  As a result, petitioner is not entitled to statutory tolling for this period.  See Nedds v. Calderon, 678 F.3d 777, 781 (9th Cir. 2012) ("[A] California habeas petitioner who unreasonably delays in filing a state habeas petition

1 is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing.")

2 (citing Saffold, 536 U.S. at 225-27).

3       The state appellate court denied the May 16, 2016, petition on May 26, 2016. Normally,

4 "a state postconviction application 'remains pending' 'until the application has achieved final

5 resolution through the State's postconviction procedures.'" See Lawrence v. Florida, 549 U.S.

6 327, 332 (2007) (quoting Saffold, 536 U.S. at 219-20). However, because the, petition was not

7 timely, it was not "properly filed" within the meaning of Section 2244(d)(2). See Allen v.

8 Siebert, 552 U.S. 3, 7 (2007). Thus, the ten-day period during which the state appellate court

9 reviewed the petition is not tolled, and the filing date of petitioner's federal habeas petition

10 remains July 11, 2016.

11       **2. Supreme Court Petition**

12       Respondent argues that because petitioner's habeas appeal in the California Court of

13 Appeal was unreasonably delayed, the petition was no longer pending under Section 2244(d)(2).

14 (See ECF No. 16 at 6). As a result, he contends, "Petitioner is not entitled to tolling for the

15 pendency of his petitions in the state appellate and supreme courts." (See id.). "The limitation

16 period," respondent contends, " . . . continued to run both (1) on the days before the untimely-

17 under-state-law filing, and (2) on the days that the untimely-under-state-law petition was on file

18 in the higher state courts (as well as the interval in between those two filings.") (See id.).

19       In support of this argument, respondent cites to 28 U.S.C. § 2244(d)(2); Pace, 544 U.S. at

20 414, 417, and Bonner v. Carey, 425 F.3d 1145, 1146, 1149 (9th Cir. 2005). (See ECF No. 16 at

21 6). Respondent fails, however, to explain how these citations support his ultimate argument that

22 petitioner's untimely habeas filing in the California Court of Appeal automatically rendered

23 petitioner's habeas filing in the California Supreme Court untimely. Indeed, the state supreme

24 court's denial was summary and made no determination related to timeliness. (See ECF No. 18-

25 10). Therefore, the court also considers whether tolling for petitioner's habeas petition filed in

26 the California Supreme Court is appropriate under 28 U.S.C. § 2244(d)(2). See generally Gray v.

27 Muniz, No. 2:16-cv-1577 JAM KJN P, 2017 WL 5899401 at *6 (E.D. Cal. Nov. 30, 2017)

28 ////

("An unexplained summary denial 'without more' may not be interpreted as a clear ruling on the timeliness of the petition.").

Because no tolling is permitted for the time preceding the filing of petitioner's state appellate habeas petition and review of it, the July 11, 2016, deadline to file remains the same. Petitioner filed his state supreme court petition on July 25, 2016. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Thus, despite petitioner's state supreme court filing and the ongoing litigation it created at the state level, the time for petitioner to file his federal habeas petition had passed.

Petitioner eventually filed the instant petition in this court on March 8, 2017. (ECF No. 1 at 126). This was 240 days after its due date. Thus, absent significant equitable tolling, the instant petition is untimely.

**C.    Equitable Tolling**

As remarked earlier, petitioner did not file a response to respondent's motion to dismiss. Filing a response would have provided petitioner with an opportunity to present equitable tolling arguments. In addition, the federal petition provides no facts that lead the court to believe that equitable tolling considerations are necessary. (See generally ECF No. 1). The instant petition, therefore, remains untimely. For these reasons, the undersigned shall recommend that respondent's motion to dismiss be granted.

**D.    Failure to Exhaust and Cognizable Claims**

Because the court finds that the petition was untimely filed, it need not and does not reach the issues of exhaustion respondent has raised in the motion to dismiss, nor does it consider the matter of whether specific claims in the instant petition are cognizable.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall replace the name "Tim Perez, Warden, CIM" with the name "Patrick Covello, Warden" in the case caption of the docket.

////

////

IT IS FURTHER RECOMMENDED that respondent's motion to dismiss (ECF No. 16) be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 25, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.HABEAS/snow0928.mtd.grnt.revd